CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 14 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACKIE LEE REDD, )<br>Petitioner, ) | Civil Action No. 7:06CV00485 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, )<br>Respondent. ) | By: Hon. Glen E. Conrad<br>United States District Judge |

Jackie Lee Redd, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Redd challenges the execution of the sentence imposed by the Circuit Court for the County of Washington on November 15, 2002. For the following reasons, the court concludes that Redd's petition is untimely. Therefore, the court will dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## Background

On November 4, 2002, Redd pled guilty, pursuant to a written plea agreement, to one count of possessing with the intent to distribute cocaine and one count of possessing with the intent to distribute marijuana. In this agreement, the Commonwealth agreed to recommend a total sentence of fifteen years, with ten years suspended. The Commonwealth agreed that the sentence could run concurrently with any sentence that Redd "may be required" to serve in Tennessee. The Commonwealth also agreed that the Washington County Jail would release Redd to Tennessee authorities for the purpose of allowing Redd to serve any prison time that he may be required to serve in that state.

The Circuit Court for the County of Washington ultimately adopted the Commonwealth's sentencing recommendation and sentenced Redd to a total term of imprisonment of fifteen years,

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

with ten years suspended. The conviction and sentencing order, entered on November 15, 2002, indicates that Redd's sentence shall run "consecutively ... with any other sentence(s) the defendant may be serving in the Commonwealth, but shall run concurrently with any sentence(s) the defendant <u>may be serving</u> in the State of Tennessee." (emphasis added).

On January 16, 2003, Redd was found guilty of contempt for failing to turn himself in to the Washington County Jail. As a result, the Circuit Court entered an order revoking sixty days of the previously suspended sentence. The order states that the sixty-day sentence shall "be served in the Washington County Jail before transporting the defendant to Tennessee to serve time for convictions in that State."

Redd did not appeal his convictions or sentence. However, on September 10, 2003, Redd filed a petition for writ of mandamus in the Supreme Court of Virginia,[2] alleging that he should be serving his active five-year sentence for the Washington County convictions in the State of Tennessee. Redd emphasized that he had been served with a warrant for a parole violation from the Tennessee Parole Board on March 26, 2003. Redd requested an order directing the Virginia Department of Corrections to "abide by the plea agreement and Virginia sentencing order," and transfer him to that state for purposes of serving his "Tennessee Parole Board and Virginia sentences concurrently." The Supreme Court dismissed the petition on January 28, 2004. Redd subsequently filed a petition for rehearing, which was denied on April 30, 2004.

Redd also filed a petition for writ of habeas corpus in the Circuit Court for the County of Washington on July 14, 2005. Redd argued that state officials violated his plea agreement on January 28, 2003, by not returning him to the State of Tennessee on that date. The petition was

---

[2]The court will consider Redd's petitions to have been filed as of the dates on which they were executed.

dismissed by the Circuit Court on August 29, 2005. Redd appealed the dismissal of the petition to the Supreme Court of Virginia, and on June 2, 2006, the petition for appeal was refused.

Redd filed the instant petition on August 10, 2006. Redd contends that he should have been transferred to the State of Tennessee on January 28, 2003, after he had served sixty days in the Washington County Jail, and that state officials violated his plea agreement and the orders from the Circuit Court by not transferring him on that date. On August 16, 2006, the court conditionally filed the petition and advised Redd that the petition appeared to be untimely. The court directed Redd to submit any additional argument and/or evidence concerning the timeliness of his petition within twenty days. Redd filed a response to the conditional filing order on August 28, 2006. Accordingly, the petition is now ripe for sua sponte review under Rule 4 of the Rules Governing Section 2254 Cases.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[3] However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

---

[3]Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A)-(D).
  Here, the petitioner has not alleged anything to support the court's reliance on subsections (B) or (C). Therefore, the court will only consider the timeliness of the petition under subsections (A) and (D).

3

In this case, the relevant conviction and sentencing order was entered on November 15, 2002. Because Redd did not appeal his convictions, they became final on December 16, 2002, the date on which his time to appeal expired.[4] Accordingly, the one-year period of limitation under § 2244(d)(1)(A) began to run on that date. Two hundred and sixty-eight days later, on September 10, 2003, Redd filed a petition for writ of mandamus in the Supreme Court of Virginia, which tolled the one-year period of limitation. See 28 U.S.C. § 2244(d)(2). The one-year period remained tolled until April 30, 2004, the date on which the Supreme Court denied Redd's petition for rehearing. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). At that point, the clock began running again on the one-year period of limitation, and the period expired 97 days later, on August 5, 2004.[5] Since Redd did not execute the instant petition until August 10, 2006, more than two years after the one-year period expired, the petition is time-barred under § 2244(d)(1)(A).

Although Redd does not specifically invoke § 2244(d)(1)(D), his petition is also untimely under this section. Section 2244(d)(1)(D) provides that the one-year period of limitation begins to

---

[4]Pursuant to Rule 5A:6 of the Rules of the Supreme Court of Virginia, Redd had thirty days to file a notice of appeal. The thirty-day period expired on December 15, 2002. However, because December 15, 2002 was a Sunday, Redd had until the following Monday, December 16, 2002, to file a notice of appeal. See Va. Code § 1-210(B).

[5]The one-year period of limitation had already expired by the time Redd filed the state habeas petition in the Circuit Court for the County of Washington on July 14, 2005. Therefore, that petition did not toll the period of limitation. See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run.").
The court also notes that the period of limitation was not tolled by the various grievances and administrative requests that Redd filed within the Virginia Department of Corrections, since the Department of Corrections is not a state court. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999) ("[U]nder § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners . . . .") (emphasis added); Foley v. Cockrell, 222 F. Supp. 2d 826, 828 (N.D. Tex. 2002) (holding that the one-year period of limitation for filing a habeas petition under § 2254 is not tolled "during the time that administrative appeals through the prison grievance process are pending," since the Texas Department of Criminal Justice is not a state court.).

4

run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

As previously stated, Redd contends that state officials violated the terms of his plea agreement and the orders from the Circuit Court by not transferring him to the State of Tennessee on January 28, 2003. Even if the court was to assume that Redd did not discover the alleged error until September 10, 2003, the date on which his petition for writ of mandamus was filed in the Supreme Court of Virginia, and that such delay was reasonable, Redd's petition would still be time-barred under § 2244(d)(1)(D). The filing of the mandamus petition tolled the one-year period of limitation. See 28 U.S.C. § 2244(d)(2). The one-year period remained tolled until April 30, 2004, the date on which the Supreme Court denied Redd's petition for rehearing. See Taylor, 186 F.3d at 561. At that point, the clock began running on the one-year period of limitation, and the period expired one year later on April 30, 2005.[6] Redd did not execute the instant petition until August 10, 2006, more than fifteen months after the one-year period expired. As a result, the petition is untimely under § 2244(d)(1)(D). Since Redd has not demonstrated any grounds for equitable tolling, the petition must be dismissed.[7]

## Conclusion

For the reasons stated, the court concludes that Redd's petition is untimely. Therefore, the

---

[6] As previously noted, neither the state habeas petition filed in the Circuit Court for the County of Washington on July 14, 2005, nor the various grievances and administrative requests filed within the Virginia Department of Corrections, tolled the one-year period of limitation. See footnote 4, infra.

[7] The court recognizes that under the facts of this case, Redd may have had a viable claim, based on certain misrepresentations in the plea agreement, that his guilty plea was involuntary, inasmuch as his Virginia sentence could not run concurrent with a Tennessee sentence that had not yet been imposed. However, even if Redd's current petition could be construed to state such a claim, and even assuming that the plea agreement may have embodied an error of law under Virginia Code § 19.2-308.1, the time to present any claim based on an involuntary plea has long since passed as well.

5

court will dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 14th day of September, 2006.

/s/ Glen E. Conrad
United States District Judge